Campbell, Chief Justice,
delivered the opinion of the court:
The petition was filed in the name of an administrator de bonis non of Joseph S. Giudice, deceased. It is demurred to and this case is before the court on this demurrer. It is alleged that Giudice and two other parties were indicted by a grand jury of the United States District Court for the Eastern District of Wisconsin for alleged violations of the national prohibition act and of the laws relating to criminal conspiracies. Giudice died before being arrested, but the two other defendants were arrested and convicted. It is averred that one George E. Golding was an officer of the United States acting in the capacity of special agent of the Treasury Department on September 13, 1921, and in such capacity was aiding the Department of Justice, and particularly the United States district attorney, in investigating charges of official misconduct of Delaney and Ray, and in obtaining evidence for use before the grand jury in its investigations of these charges.
It is alleged that on or about September 13, 1921, Golding, while acting in his official capacity, interviewed Giudice, plaintiff’s intestate, respecting the latter’s knowledge of facts pertinent to said inquiry; that one Dundenhoefer claimed that he had given Giudice large sums of money to be given by the latter to Delaney and Ray for the purpose of bribing them as Government officials in his interest, he being engaged in violating the national prohibition act and it being the duty of Delaney and Ray to enforce it; and that the bribes were intended to induce them to violate their duties, ^,s public officials, and permit Dundenhoefer to continue in the violation of the law. It is then averred that plaintiff’s intestate delivered into the possession of Special Agent Golding certain United States currency to the amount of $13,500, in denominations of fifty and one hundred dollars each, and Liberty bonds in the sum of $17,000, which are fully described, and that Golding “ for and in behalf of the United States and in his capacity as special agent of the Treasury Department,” and while acting for and in behalf of the district attorney, executed and delivered to Giudice *385 a receipt for the currency and bonds, a copy of which is made an exhibit to the petition. This receipt, Exhibit A to the petition, is dated September 13, 1921, and reads:
“Neceived from Joseph Giudice the following Liberty bonds and currency, with brown paper folder, which were given to him by Thomas A. Delaney on or about August 23, 1921, at his home in Schleisingerville, Wisconsin, for the purpose of returning same to Joseph Dundenhoefer, Milwaukee, Wisconsin.”
Then follows a description of the money and bonds, and the receipt is signed by “ George E. Golding, special agent, U. S. Treasury.” It is further alleged that the money and bonds were delivered into the possession of and received by Golding as special agent for the sole purpose of being used as evidence before the grand jury and that Golding, the United States, or the departments mentioned never owned any right or interest in the same, except the right to use them as evidence before the grand jury or upon the trial of parties indicted, and that, plaintiff has been informed and believes that when said currency and bonds were delivered into Golding’s possession the same were the exclusive property of said Giudice and so remained to be his own until the time of his death and subject to administration as part ■of his estate.
It is further alleged that Delaney and Nay were duly tried under the indictments found by said grand jury and were convicted and sentenced to the Leavenworth prison. Giudice was also indicted but died before being arrested. It is alleged that the purpose of the delivery of the bonds and currency to Golding, as such special agent, has been fully served and that plaintiff “is entitled to possession thereof, or to the value thereof, to the end that he may administer the same as part of said estate.” It is further alleged that the administrator of the Giudice estate demanded of the district attorney the return of the bonds and currency after the trial and conviction of Delaney and Nay, the demand being refused, and further that plaintiff does not know and can not ascertain, “ after due diligence and *386 inquiry,” where the currency and bonds are or whether they have been used or appropriated by the United States, but that he has been informed that they are in Golding’s possession. There is a general allegation “that the United States now has and holds said currency and Liberty bonds or the proceeds thereof ” with no right, title, or interest therein or right to hold them, and that plaintiff as administrator de bonis non of the estate of Giudice is entitled to have them or the proceeds thereof.
The demurrer challenges any right of recovery upon two grounds: (1) That the petition does not show that the currency and bonds are in the possession of the United States; (2) that no right of ownership was vested in Giudice but only a right of possession.
It is true, as plaintiff argues, that the demurrer admits all facts that are well pleaded, but when the plaintiff avers in one paragraph that he does not know and can not ascertain where the property is or whether the currency and bonds have ever been used or appropriated by the United States “ or in whose possession they are,” and in another paragraph indulges the broad allegation “ that the United States now has and holds ” the property or the proceeds thereof, it is plain that the last averment is a conclusion which the pleader seeks to deduce from what has gone before. The two allegations are otherwise contradictory of each other. Unless the money went into the Treasury the Government would in no event be responsible to plaintiff, not meaning by this statement to imply that if it were there it could be recovered by him.
The petition does not show that Giudice owned or had title to the property. The implication, from what is averred, is that it never belonged to him. How did he get it ? Dundenhoefer, apparently a “ bootlegger,” “ claimed ” that he had given Giudice “large sums of money” to be given by the latter to Delaney and Eay to bribe them to permit Dundenhoefer to continue his unlawful practices, and when Special Agent Golding interviewed Giudice on this subject the latter promptly delivered to him the prop *387 erty, taking a receipt which stated that the bonds and currency, “ with brown paper folder,” had been given to him by Delaney for the purpose of returning same to Dunden-hoefer. The property was not that of Giudice. It was delivered to him by one party to be “ returned ” to another, evidently property which had been delivered to Delaney, by or for Dundenhoefer, in pursuit of their unlawful scheme and which Delaney, for reasons not expressed, now wanted “ returned ” to its original owner.
We do not assent to plaintiff’s contention that the receipt must be treated solely as the language of Golding. Giudice, upon this theory, parted with thousands of dollars of his own, and accepted a receipt which recited that this same money had been given to him by Delaney for the purpose of returning it to Dundenhoefer. The statements are binding on both, and if Giudice assumed the relation of messenger between the parties engaged in violation of the law it is not sufficient to acquit him of wrongdoing to argue that the receipt was in Golding’s language. The money and bonds were tainted at least with the transaction between the two immediate principals, and if they actually found their way into the Treasury in these circumstances, it can not be recovered. See Clark case, 12 C. Cls. 597; 102 U. S. 322.
Without pursuing the matter at greater length, it is sufficient to say that there is nothing in the averments that show a contract, express or implied, on the part of the United States. The Government is not liable, in this court, in trover and conversion, as plaintiff seems to insist, even though there had been a conversion. See Langford case, 101 U. S. 341.
The demurrer should be sustained and the petition dismissed. And it is so ordered.
Geaham, Judge; Hat, Judge; DowNey, Judge; and Booth, Judge, concur.